IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melinda Lange, as Power of Attorney for both Cassie Armstrong and Janice Armstrong, <br><br> Plaintiffs, <br><br> v. <br><br> Owners Insurance Company d/b/a Auto-Owners Insurance, <br><br> Defendant. | Case No. 19-cv-008414 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Melinda Lange, as Power of Attorney for both Cassie Armstrong and Janice Armstrong (the "Armstrongs"), filed a four count Complaint against Defendant Auto-Owners Insurance ("Auto-Owners") stemming from an insurance coverage dispute. The parties have filed cross-motions for summary judgment [41, 43]. For the reasons stated below, Plaintiff's motion is denied, and Defendant's motion is granted.

**Background**

On December 25, 2017, the Armstrongs were severely injured in a car accident when their vehicle was struck by a vehicle driven by Savaughn Strickland. Strickland crossed over into oncoming traffic causing a head-on collision with the Armstrongs' vehicle. The vehicle driven by Strickland was owned by Douglas Duffy and insured by Auto Club Insurance Association ("AAA"). Duffy was listed as the sole named insured under the policy. The policy provided Bodily Injury Liability Coverage limits in the amount of $100,000.00 for each person, and $300,000.00, per occurrence.

At the time of the accident, Janice Armstrong and her vehicle were insured under a policy issued by Defendant Auto-Owner (the "Policy"), which provided Bodily Injury Liability Coverage

limits in the amount of $100,000.00 for each person, and $300,000.00, per occurrence, as well as corresponding uninsured coverage limits in the same amounts.

On February 28, 2019, AAA, filed suit in state court for declaratory judgment against Strickland. On January 3, 2020, the court issued an order of declaratory judgment in AAA's favor denying coverage for any claims asserted against Strickland. Following the accident, AAA and the Armstrongs entered a settlement agreement. Under the settlement agreement, AAA agreed to pay the policy limits as to the Defendant Duffy. As such, AAA compensated Janice Armstrong $100,000.00 and Cassie Armstrong $100,000.00.

In December 2019, Plaintiff brought this insurance coverage action. Both parties now move for summary judgment.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

The crux of the disagreement between Plaintiff and Defendant revolves around whether uninsured motorist coverage under the Auto-Owner's policy is available to the Armstrongs.[1] Under Illinois law, Insurance policies are contracts and therefore courts apply the same rules of interpretation that govern the interpretation of contracts. *Continental Cas. Co. v. Howard Hoffman and Associates*, 2011 Ill. App. 100957, ¶ 29 (1st Dist. 2011).

> [W]hen construing the language of an insurance policy, the court's primary objective is to determine and effectuate the parties' intentions as expressed in their written agreement. If the terms in the policy are 'clear and unambiguous,' they must be given their plain and ordinary meaning. If the terms are ambiguous, meaning that they are susceptible to more than one reasonable interpretation, they will be construed strictly against the insurer. The court will interpret the policy as a whole, considering the type of insurance purchased, the nature of the risks involved, and the purpose of the contract. Limiting provisions in the policy are construed liberally in favor of the insured and against the insurer.

*Erie Insurance Exchange v. Triana*, 398 Ill. App. 3d 365, 368 (1st Dist. 2010) (citing *Pekin Insurance Co. v. Estate of Goben,* 303 Ill. App. 3d 639, 642 (5th Dist. 1999)). To determine whether an ambiguity exists between terms of an insurance policy, the court must ask "whether the provision is subject to more than one reasonable interpretation, not whether other possibilities can be suggested." *Triana*, 398 Ill. App. 3d at 368.

The Policy, in relevant part, states:

> We will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury sustained by an injured person while occupying an automobile that is covered by … the policy[.]

(Dkt. 1, Ex. 1, at 34.)

The Policy defines uninsured automobile as the following:

> [A]n automobile: (1) to which no bodily injury liability bond or liability insurance policy applies: (a) at the time of the occurrence ; or (b) in at least the minimum limits of liability required by the Illinois Safety Responsibility Law; … [or] (3) insured by a company that has issued a successful written denial of coverage.

---

[1] The Court need not address Plaintiff's underinsured motorist claims because they were abandoned in Plaintiff's response to Defendant's motion for summary judgment.

3

(*Id.*)

Here, Plaintiff argues that Strickland meets the definition of an uninsured motorist. While it may be true that Strickland himself was uninsured by AAA, this is irrelevant to a determination of whether the Armstrongs are entitled to uninsured motorist coverage. The uninsured motorist coverage section of the Policy states that Auto-Owners will pay compensatory damages to any person "legally entitled to recover from the owner or operator of an uninsured automobile[.]" (*Id.*) Based on the Policy, it is clear that uninsured motorist coverage will only apply when there is an uninsured automobile involved. Because uninsured motorist coverage will only apply if the vehicle driven by Strickland was uninsured, the Court turns to the definition of uninsured automobile contained in the Policy.

Relying on section (3) of the Policy, Plaintiff asserts that the vehicle driven by Strickland was uninsured because AAA issued a successful written denial of coverage by obtaining a declaratory judgment against Strickland. The Court disagrees. A plain reading of the Policy indicates that the successful written denial of coverage relates to the automobile, not to the operator of the vehicle. Thus, the declaratory judgment against Strickland does not make the vehicle driven by Strickland uninsured at the time of the accident. Because the vehicle driven by Strickland was insured at the time of the accident, the Court grants Defendant's motion for summary seeking a declaration that no uninsured motorist coverage is available to the Armstrongs.

**Conclusion**

For the reasons stated above, Defendant's motion for summary judgment [41] is GRANTED and Plaintiff's cross motion for summary judgment [43] is DENIED.

**IT IS SO ORDERED.**

Date: 8/17/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4